UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

LOUIS SCOTT and SANDRA SCOTT
Petitioners

CIVIL ACTION #_____

VS.

JUDGE _____

TOWN OF SIMMESPORT,
CHIEF OF POLICE BRANDON SPILLMAN,
And OFFICER ARVIE JONES
Defendants

MAGISTRATE JUDGE _____

# COMPLAINT

## I. JURISDICTION

**1.**

This action is brought pursuant to 42 U.S.A 1983, 1985, 1986, and 1988. Jurisdiction is found in 28 U.S.C. Sections 1331 and 1343, the Fourth and Fourteenth Amendments to the U.S. Constitution. This action is also brought under state law claims and pendent jurisdiction over state law claims is invoked.

## II. PARTY PLAINTIFFS

**2.**

Louis Scott, a person of the full age of majority, was at all times pertinent herein a resident of Lettsworth, Pointe Coupee, Louisiana. Louis Scott was sixty-eight (68) years old at the time of the incident complained of herein.

**3.**

Sandra Scott, a person of the full age of majority and the wife of Louis Scott, was at all times pertinent herein a resident of Lettsworth, Pointe Coupee, Louisiana.

### III.  PARTY DEFENDANTS

4.

Defendant, the Town of Simmesport (Simmesport), is a political subdivision of the State of Louisiana and a municipal corporation which was at all relevant times the employer of the defendant, Chief of Police Brandon Spillman (Chief Spillman), and Officer Arvie Jones (Officer Jones). Simmesport is responsible for the hiring, training, discipline, and supervision of the defendant Chief of Police and Officer named herein. Simmesport is vicariously liable for the acts and omissions of the defendant Chief of Police and Officer Jones as described herein under state law.

5.

Defendant, Brandon Spillman, is the Chief of Police of the Simmesport Police Department. He is responsible for the policies, practices, and customs of his department as well as the hiring, training, supervision, discipline, and control of police officers under his command which includes the defendant officer herein. He is a resident of the Western District of Louisiana and is sued in his official capacity. At all times herein he was acting under color of law and in the course and scope of his employment with Simmesport. He is also an elected official and is a final policy maker of the Town of Simmesport relating to police practices, policies, procedures, and discipline.

6.

Defendant, Officer Arvie Jones (Jones), is a person of the full age of majority and a resident of the Western District of Louisiana. At all pertinent times herein he was employed by the Town of Simmesport and the Simmesport Police Department and was acting under color of state law in the course and scope of his employment. He is sued individually and in his official capacity.

## IV. STATEMENT OF FACTS

### 7.

Louis Scott left his home in Lettsworth, Pointe Coupe Parish, on July 11, 2015 to go to Moreau's Auto Parts in Simmesport, Avoyelles Parish, to purchase a part for his vehicle. Lettsworth is located just south of the Atchafalaya River Bridge on Louisiana Hwy 1 and Simmesport is located just north of the bridge.

### 8.

At the time bridge crossing the Atchafalaya River was being painted and only one lane of traffic was open. The contractor painting the bridge had "flaggers" on Hwy 1 at the foot of the bridge on the south and north sides who coordinated and controlled the flow of traffic with signs that read "Stop" on one side and "Slow" on the other.

### 9.

Scott approached the bridge behind other vehicular traffic and passed the flagger and proceeded north into Simmesport. As he topped the bridge he noticed a construction worker shouting and making hand gestures at him; nevertheless Scott continued on his journey into Avoyelles Parish.

### 10.

Scott proceeded to Moreau's, parked his vehicle, and entered Moreau's to purchase a part. While in Moreau's he noticed the construction worker pull up behind his vehicle blocking his exit.

### 11.

Scott exited the building and asked the construction worker what the problem was. As he was talking to the construction worker Officer Jones drove up at a high rate of speed in a marked Simmesport Police car. As Officer Jones exited his car, the worker told Officer Jones that "he's the one." The construction worker then moved his vehicle and Officer Jones confronted Scott

about an alleged traffic violation in Pointe Coupee Parish. Apparently, the construction worker had called the Simmesport Police Department or 911 and reported that Scott had passed the flagger at the foot of the bridge in Pointe Coupee Parish at a time when the hand held flag held by the flagger read "stop" in his direction.

## 12.

Scott denied the allegation and questioned Officer Jones' jurisdiction over an alleged minor traffic accident that occurred in another parish.

## 13.

When Officer Jones' jurisdiction was questioned, Officer Jones became upset and told Scott he was under arrest. Officer Jones grabbed Scott and threw him to the ground, seriously injuring Scott.

## 14.

While on the ground, Scott screamed out in pain and Officer Jones subdued him and cuffed him behind his back.

## 15.

Scott was lifted off the ground by others present and placed on a stool, and Officer Jones called an ambulance. Scott remained cuffed while waiting for the ambulance. When the ambulance arrived Scott was transported to Avoyelles Hospital in Marksville; Officer Jones followed the ambulance and went into the emergency room area, keeping Scott in his custody.

## 16.

After waiting for considerable time Officer Jones indicated he needed to return to Simmesport because he was the only officer on duty that day. Officer Jones then left without giving Scott, his family member or friends present, any instructions concerning the arrest.

**17.**

Scott was transported to Baton Rouge, hospitalized, and had emergency orthopedic surgery.

**18.**

While Scott was in the hospital Officer Jones conducted witness interviews of what had occurred in Pointe Coupee Parish, outside his jurisdiction, and obtained witness statements.

**19.**

Officer Jones then traveled to the Twelfth Judicial District Court in Marksville and executed an affidavit asking the Twelfth Judicial District Court to issue an arrest warrant to arrest Scott for resisting arrest or officer (LSA R.S. 14:108), attempted and criminal damage to property (LSA R.S. 14:56), disturbing the peace (LSA R.S. 14:103), and simple assault (LSA R.S. 14:38). The affidavit signed by Officer Jones and presented to the court stated nothing about the illegal initial investigative stop in Avoyelles Parish for the minor traffic violation in Pointe Coupee Parish.

**20.**

Scott was released from the hospital and returned to his home in Lettsworth.

**21.**

Scott attends church in Simmesport. He attended church on August 9, 2015 and went to a local convenience store for coffee with friends. While exiting the convenience store he was arrested a second time on the warrant by Officer Charles Johnson. The arrest report indicates "Mr. Scott complied by turning around and placing his hands behind his back without any incident." Scott was transported to the Avoyelles Parish Jail, booked, and his bond was set at $10,000.00. Several hours later he bonded out and returned to his home.

**22.**

The Avoyelles Parish District Attorney convened a Grand Jury and the Grand Jury found a no true bill on all charges except disturbing the peace. Scott was tried before the Twelfth

Judicial District Court, Parish of Avoyelles, State of Louisiana, on the disturbing the peace charge. Officer Jones testified on behalf of the State of Louisiana. His testimony was inconsistent as to dates and Scott's attorney successfully moved for a not guilty verdict and dismissal of the charge.

23.

The physical force used by Officer Jones on July 11, 2015 was unlawful, unjustified, and excessive.

24.

The arrest of Scott on September 11, 2015 was unlawful, unjustified, and wrongful.

25.

The arrest of Scott on August 9, 2015 was unlawful, unjustified, and wrongful and resulted from the malicious acts of Officer Jones in obtaining the warrant from the Twelfth Judicial District Court. Scott alleges the follow up investigation of the traffic violation and the obtaining of the warrant was to provide "justification and cover" for Officer Jones' wrongful and illegal and unconstitutional actions on June 11, 2015.

## V.   CAUSES OF ACTION

26.

Scott re-alleges Paragraphs 1 – 25.

27.

The actions of Officer Jones violated Scott's rights guaranteed under the Fourth and Fourteenth Amendments of the United States Constitution guaranteeing his right to be free from unreasonable search and seizure, wrongful arrest, and to be free from excessive force and malicious prosecution, all in violation of 42 USC 1983.

**28.**

The actions of Chief of Police Brandon Spillman and the Town of Simmesport in improperly hiring and retaining and in failing to properly supervise Officer Jones violated the rights of Scott under the Fourth and Fourteenth Amendments of the United States Constitution as more fully described herein, all in violation of 42 USC 1983.

**29.**

The acts of Chief of Police Brandon Spillman and Officer Jones were within the course and scope of their employment with the Town of Simmesport and the Town of Simmesport is vicariously liable for their acts and omissions and all damages incurred by Louis Scott and Sandra Scott under Louisiana law.

**30.**

The actions of Officer Jones were below the standard of care applied to police officers under state law and were the proximate cause of the injuries and damages suffered by Louis Scott and Sandra Scott. Further, Officer Jones had a duty not to use excessive force and the risk of injury incurred by Scott is contemplated in the duty not to use excessive force.

## VI.   DAMAGES

**31.**

As a result of the actions of the defendants as described above, Scott has been injured and incurred damages for battery, false arrest, imprisonment, and wrongful prosecution, and for the emotional physical pain and suffering, medical bills, embarrassment, and inconvenience suffered by Scott.

**32.**

Scott is also entitled to punitive damages and reasonable attorney's fees under federal law for violation of his constitutional rights under the United States Constitution.

33.

As a result of the actions of the defendants as described above, Sandra Scott has incurred damages for loss of consortium, services, and society under state law and is entitled to damages as are reasonable in the premises.

## VI. PRAYER FOR RELIEF

**WHEREFORE, LOUIS SCOTT and SANDRA SCOTT PRAY** that after due proceedings, including trial by jury, that judgment be issued on their behalf and against all defendants for compensatory and punitive damages, reasonable attorney's fees, all costs and interest due, and such other relief that this court may deem just and proper.

BY THEIR ATTORNEY:

s/_____
RODNEY M. RABALAIS
(BAR ROLL #11044)
122 EAST MARK STREET
P.O. BOX 447
MARKSVILLE, LA  71351
PHONE:  (318) 253-4622
FAX:  (318) 253-4625

ATTORNEY FOR LOUIS SCOTT
and SANDRA SCOTT